## PERFECTION FRAME & LUMBER CO v BANAS

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11,237. Decided April 22, 1931

F. A. Green, Cleveland, for E. W. Schlegel.
L. S. Danaceau, Cleveland, for Banas.

ROSS, PJ, HAMILTON and CUSHING, JJ, (1st Dist) sitting.

HAMILTON, J.

The question then is: Is the delivery to the owner through the original contractor, from the subcontractor of a statement sworn to by the subcontractor's attorney, a sufficient compliance with the statute?

The statute further provides, among other things, that:

"the subcontractor shall have no right of action or lien against the owner * * * until he shall have furnished such statements, * * *"

The law is that the statute shall be con-

strued liberally to secure the beneficial results, interests, and purposes thereof. §8310-10, GC. The statute does not in turn provide who shall make the sworn statement. It provides the original contractor shall deliver the sworn statement for each subcontractor to the owner. Such a sworn statement was furnished Mrs. Banas, and there is no claim that any injury or loss resulted to the owner by reason of the sworn statement having been executed by Schlegel's attorney.

It is argued that under §8314 GC, the affidavit for the filing of the lien in the recorder's office, in order to perfect the lien, may be made by a person, his agent, or attorney, that this indicates the legislature intended that the sworn statement provided for in §8312 GC, should be sworn to by the subcontractor and no other person, since agent or attorney is not mentioned. This construction would present the situation that if during the construction of the work, the subcontractor should die, the lien never could be perfected because he personally could not make the qualifying sworn statement to be furnished the owner.

Counsel admits that there is no ruling on the question in Ohio, and that the proposition is one of first impression.

It is the general rule that a person may act through a duly authorized agent or attorney in all business matters except one involving personal service. That Green was the duly authorized attorney is not disputed.

The language of the statute is that the subcontractor shall furnish sworn statements. It does not say "sworn to by the subcontractor," and if it did, he certainly could act through a duly authorized agent or attorney. It would not require even a liberal interpretation of these statutes to hold the sworn statement sufficient to comply with the provision of the statute, which provides "shall deliver a sworn statement." This was done in this case, although the sworn statement was executed through an attorney.

We find no merit in the point raised, and a decree sustaining the lien may be entered.

ROSS, PJ, and CUSHING, J, concur.